Prepared By:
Michael Jones, CA Bar No. 271574
M. Jones & Associates, PC
505 North Tustin Ave, Suite 105
Santa Ana, CA 92705
Telephone: (714) 795-2346
Facsimile: (888) 341-5213
Email:  mike@MJonesOC.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY RAMIREZ AND ANGELIQUE GALLARDO, <br><br> Plaintiffs, <br><br> v. <br><br> SPEEDY CASH, <br><br> Defendant | Case No. <br><br><br> COMPLAINT <br><br> DEMAND FOR JURY TRIAL <br><br> COUNT 1: Violations of Telephone Consumer Protection Act <br><br> COUNT 2: Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code 1788 et seq. |

## **INTRODUCTION**

1.     This is an action for damages brought by Anthony Ramirez and Angelique Gallardo (hereinafter "Plaintiffs"), individual consumers, for violations by Speedy Cash (hereinafter "Defendant") of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq,* (hereinafter "TCPA"). Ancillary to the TCPA Claims, Plaintiffs further allege claims for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2.     In Calif. Civil Code § 1788.1 (a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
> It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the

collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

3.     Plaintiffs make the allegations below on information and belief, with the exception of those allegations that pertain to a plaintiff, or to plaintiff's counsel, which Plaintiffs allege on personal knowledge.

4.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION & VENUE

5.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.  Injunctive relief is available pursuant to the TCPA.

6.     This action arises out of Defendant's repeated violations of the Rosenthal Fair Debt Collection Practices Act, CAL CIV CODE § 1788 et. seq., ("RFDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), in their illegal efforts to collect a consumer debt.

7.     Venue is proper in this District because the Defendant may be found in this District, and some of the acts and transactions occurred in this District.

## **PARTIES & DEFINITIONS**

8.     Plaintiff Anthony Ramirez (hereinafter "Plaintiff Ramirez"), is a natural person residing in Orange County in the state of California.

9.     Plaintiff Angelique Gallardo (hereinafter "Plaintiff Gallardo"), is a natural person residing in Orange County in the state of California.

10.     Plaintiff Ramirez and Plaintiff Gallardo are married to one another, and have been so married for all times relevant to this complaint.

11.     Plaintiffs, each being a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, are therefore both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and are also therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

12.     At all relevant times herein, Defendant, Speedy Cash, was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiffs which qualifies as a "debt," as defined by

15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f).

13.    Defendant is a national "payday lender" company that continuously and systematically engages in its business of collecting debts in the state of California, and using telephone numbers within California. Defendant is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

14.    Defendant maintains a registered agent, National Registered Agents, Inc., and may be served through their registered agent at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

15.    Upon information and belief, Defendant was attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(e) of the Rosenthal Act, as well as a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16.    Because Plaintiffs are natural people allegedly obligated to pay money to Defendant arising from what Plaintiffs are informed and believes was a consumer credit transaction, the money allegedly owed was a

"consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

17.   Plaintiffs are informed and believe that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves or others, and is therefore a "debt collector" within the meaning of Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

18.   Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

# **FACTUAL ALLEGATIONS**

19.   At various and multiple times prior to the filing of this complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiffs in an attempt to collect an alleged outstanding debt.

20.   On August 4, 2015, Plaintiffs sent a written notice advising Defendant that they disputed the alleged debt owed, that they revoked any consent to contact by Defendant, that they were to never be called again

by Defendant or anyone affiliated with Defendant any way. A copy of this written notice is attached hereto as Exhibit A.

21. On or about August 24, 2015, at 4:14 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

22. On or about August 24, 2015, at 6:35 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

23. On or about August 25, 2015, at 10:39 AM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

24. On or about August 27, 2015, at 10:39 AM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

25. On or about August 27, 2015, at 6:34 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

26. On or about August 28, 2015, at 2:20 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

27. On or about August 29, 2015, at 11:48 AM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

28. On or about August 31, 2015, at 1:19 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

29. On or about August 31, 2015, at 7:41 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

30.     On or about September 1, 2015, at 6:57 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

31.     On or about September 2, 2015, at 4:24 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

32.     On or about September 2, 2015, at 12:39 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

33.     On or about September 3, 2015, at 7:09 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

34.     On or about September 4, 2015, at 3:29 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

35.     On or about September 9, 2015, at 8:59 AM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

36.     On or about September 9, 2015, at 9:16 AM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

37.     On or about September 10, 2015, at 2:17 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

38.     On or about September 10, 2015, at 7:23 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed. During this call Defendant requested to speak to Plaintiff Gallardo.  Plaintiff Ramirez advised Defendant that Plaintiff Gallardo was not available.

Plaintiff Ramirez further told Defendant that they should not be calling them at all because they had sent them a letter about not contacting them about the debt. In response to Plaintiff Ramirez' statement that they should not be calling them at all, Defendant stated that would call back at another time to see if she would be available then.

39.   On or about September 15, 2015, at 6:00 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed. During this call Defendant requested to speak to Plaintiff Gallardo.  Plaintiff Ramirez advised Defendant that Plaintiff Gallardo was not available. Plaintiff Ramirez further told Defendant that they should not be calling them at all because they had sent them a letter about not contacting them about the debt. In response to Plaintiff Ramirez' statement that they should not be calling them at all, Defendant stated that would call back at another time to see if she would be available then.

40.   On or about September 16, 2015, at 11:58 AM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

41.   On or about September 17, 2015, at 12:32 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

42.   On or about September 18, 2015, at 1:55 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

During this call Defendant requested to speak to Plaintiff Gallardo.  Plaintiff Ramirez advised Defendant that Plaintiff Gallardo was not available. Plaintiff Ramirez further told Defendant that they should not be calling them at all because they had sent them a letter about not contacting them about the debt. In response to Plaintiff Ramirez' statement that they should not be calling them at all, Defendant stated that would call back at another time to see if she would be available then.

43.    On or about September 22, 2015, at 1:31 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

44.    On or about September 24, 2015, at 7:54 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed. During this call Defendant requested to speak to "Tony".  Plaintiff Ramirez advised Defendant to not call him again.

45.    On or about September 25, 2015, at 8:24 AM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

46.    On or about September 28, 2015, at 6:37 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

47.    On or about September 29, 2015, at 8:45 PM, Defendant called Plaintiff Ramirez on his cell phone regarding the alleged debt owed.

48.     Defendant called Plaintiffs concerning the alleged debt with such frequency and regularity that it constitutes harassment under the circumstances.

49.     On information and belief, Defendant used an "automatic telephone dialing system", as defined by 47 US.C. § 227(a)(1), to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

50.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 US.C § 227(b)(1)(A).

51.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incurred a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

52.     All or some of the calls made by Defendant to Plaintiffs utilized an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A).

53.     At the time of Defendant's offending call(s), Plaintiffs had directly revoked any and all consent to be contacted by Defendant, including, but not limited to, calls using an automated telephone dialing system and calls made to their cellular telephone numbers.

54.    Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a.  FDCPA § 1692c(c)(1), as incorporated by the California Rosenthal Act via Calif. Civ. Code 1788.17- If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except to advise the consumer that the debt collector's further efforts are being terminated;

b.  FDCPA § 1692c(c)(2), as incorporated by the California Rosenthal Act via Calif. Civ. Code 1788.17-  If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

c. FDCPA § 1692c(c)(3), as incorporated by the California Rosenthal Act via Calif. Civ. Code 1788.17-  If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

d. FDCPA § 1692d(5), as incorporated by the California Rosenthal Act via Calif. Civ. Code 1788.17-  A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

e.  FDCPA § 1692d(6), as incorporated by the California

Rosenthal Act via Calif. Civ. Code 1788.17-  A debt collector

may not engage in any conduct the natural consequence of

which is to harass, oppress, or abuse any person in connection

with the collection of a debt. Without limiting the general

application of the foregoing, the following conduct is a violation

of this section: Except as provided in section 1692b of this title,

the placement of telephone calls without meaningful disclosure

of the caller's identity.

f.  FDCPA § 1692e(8), as incorporated by the California

Rosenthal Act via Calif. Civ. Code 1788.17-  A debt collector

may not use any false, deceptive, or misleading representation

or means in connection with the collection of any debt. Without

limiting the general application of the foregoing, the following

conduct is a violation of this section: Communicating or

threatening to communicate to any person credit information

which is known or which should be known to be false, including

the failure to communicate that a disputed debt is disputed.

g.  Causing a telephone to ring repeatedly or continuously to

annoy Plaintiff (Cal Civ Code §1788.11(d));

h. Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)).

55.    Defendant's conduct violated the TCPA by using any automatic telephone dialing system to call any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

56.    As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiffs feelings, personal humiliation, embarrassment, mental anguish and emotional distress. Plaintiff attempted to seek counseling and therapy for the emotional distress and mental anguish described above but was not able to.

57.    Defendant is liable to Plaintiff for Plaintiffs actual damages, statutory damages, and costs and attorney's fees.

# **CAUSES OF ACTION**

## **COUNT I:**

## **VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT**

58.     Plaintiffs incorporate by reference all of the preceding

paragraphs.

59.     The foregoing acts and omissions of Defendant constitute

numerous and multiple negligent violations of the TCPA, including

but not limited to each and every one of the above cited provisions of

47 U.S.C. § 227 et seq.

60.     As a result of Defendant's negligent violations of 47 U.S.C. §

227 et seq.. Plaintiffs are entitled an award of $500.00 in statutory

damages, for each and every violation, pursuant to 47 U.S.C §

227(b)(3)(B).

61.     The foregoing acts and omissions of Defendant constitute

numerous and multiple knowing and/or willful violations of the TCPA,

including but not limited to each and every one of the above cited

provisions of 47 U.S.C. §227 et seq.

62.     As a result of Defendant's knowing and/or willful violations of

47 U.S.C. § 227 et seq.. Plaintiffs are entitled an award of $1,500.00

in statutory damages, for each and every violation, pursuant to 47

U.S.C. § 227(b)(3)(B) and 47 U.S.C § 227(b)(3)(C).

63.     Plaintiffs are entitled to and seek injunctive relief prohibiting

such conduct in the future.

64.     Because of the Defendant's violations of the TCPA, Plaintiffs

are entitled to an award against Defendant as follows:

    a.  As a result of Defendant's negligent violations of 47 U.S.C.

       §227(b)(1), Plaintiffs are entitled to recover from Defendant

       $500 in statutory damages, for each and every violation,

       pursuant to 47 U.S.C, 227(b)(3)(B);

    b.  As a result of Defendant's willful and/or knowing violations of

       47 U.S.C. §227(b)(1). Plaintiffs are entitled to recover from

       Defendant treble damages, as provided by statute, up to

       $1,500, for each and every violation, pursuant to 47 U.S.C.

       §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

**COUNT II:**

**VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

65.     Plaintiffs reincorporate by reference all of the preceding paragraphs.

66.     To the extent that the Defendant's actions, counted above, violated the FDCPA, they are necessarily violations of the California Rosenthal Act via Calif. Civ. Code 1788.17.

67.     Defendant's conduct as described herein violated the RFDCPA § 1788.17 which mandates that every debt collection collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d and § 1692d(5).

68.     As a result of the Defendant's illegal conduct, Plaintiffs have suffered emotional distress and mental anguish.

69.    Defendant is liable to Plaintiffs for actual damages, statutory

damages, punitive damages (if the evidence at trial so warrants),

actual costs, and attorneys' fees, under the RFDCPA.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered

against the Defendant as follows:


### COUNT 1:
### Telephone Consumer Protection Act

a) For an award of Plaintiffs' actual damages in an amount
according to proof;

b) For an award of statutory damages of $500.00 for each and
every negligent violation of the TCPA provisions of 47
U.S.C. §227(b)(1);

c) For an award of statutory damages of $1,500.00 for each
and every willful or intentional violation of the TCPA
provisions of 47 U.S.C. §227(b)(1);

d) and such further relief as the Court deems just and proper.

## COUNT 2:

## Rosenthal Fair Debt Collection Practices Act

a) For an award in favor of Plaintiffs and against Defendant pursuant to the RFDCPA for Plaintiffs' actual damages in an amount according to proof;

b) For an award of statutory damages for willful and negligent violations of the RFDCPA in an amount not less than $1,000.00;

c) For an award of Plaintiffs' costs incurred in this litigation pursuant to the RFDCPA;

d) For an award of Plaintiffs' reasonable attorney's fees pursuant to the RFDCPA;

e) And such further relief as the Court deems just and proper.

Dated this 17 February 2016.

**M Jones and Associates, PC**
Attorneys for Plaintiff

_Michael Jones_ (signature)

Michael Jones

1
2
3
4
5
6

## JURY DEMAND

7
8
9
10

Pursuant to the Seventh Amendment to the Constitution of the United States of America, and Fed.R.Civ.P. 38, Plaintiffs are entitled to, and demands, a trial by jury.

11
12
13

Dated this 17 February 2016.

14
15
16

**M Jones and Associates, PC**
Attorneys for Plaintiff

17
18
19

Michael Jones

20
21
22
23
24
25
26
27
28

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF CALIFORNIA      )
                              )
COUNTY OF ORANGE         )

Pursuant to 28 U.S.C. § 1746, Plaintiff Anthony Ramirez, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1.     I am a Plaintiff in this civil proceeding.

2.     I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.     I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.     Each and every exhibit I have provided to my attorneys, copies of which may be attached to this Complaint, is a true and correct copy of the original.

7.     Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any

exhibit that may be attached hereto, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____February_____ _____17_____ ___2016___
                           Month                    Day        Year


_____
Signature

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA       )
                                      )

COUNTY OF ORANGE         )

Pursuant to 28 U.S.C. § 1746, Plaintiff Angelique Gallardo, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

8.     I am a Plaintiff in this civil proceeding.

9.     I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

10.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

11.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

12.    I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

13.    Each and every exhibit I have provided to my attorneys, copies of which may be attached to this Complaint, is a true and correct copy of the original.

14.    Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any

exhibit that may be attached hereto, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____

| February | 17 | 2016 |
| Month | Day | Year |

Signature _____